LAW OFFICES
WATERFALL, ECONOMIDIS, CALDWELL
HANSHAW & VILLAMANA, P.C.
Williams Center, Suite 800
5210 E. Williams Circle
Tucson, AZ 85711
(520) 790-5828

Corey B. Larson
PCC#66111; SB #022549
clarson@waterfallattorneys.com
Attorneys for Defendant LQCG, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>    Plaintiff,<br><br>vs.<br><br>LQCG INC., an Arizona corporation dba Holiday Inn Express & Suites Casa Grande,<br><br>    Defendant. | Case No.: 2:18-CV-04755-HRH<br><br>**MOTION TO DISMISS COMPLAINT** |

Defendant LQCG, Inc., by and through counsel undersigned, hereby moves to dismiss the Complaint of Theresa Brooke pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as follows:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.  *Brief Introduction*

Plaintiff, a serial filer of hundreds if not thousands of lawsuits, claims to be an Arizona resident suing an Arizona hotel because she could not be accommodated at a hotel located a short distance from her own home. As factually dubious as Plaintiff's claim is that she might have wanted to stay at such hotel, the matter must be dismissed because her counsel has apparently "cut and paste" from some copycat California litigation and sued Defendant under California law even forgetting to change his California Bar Number to an

Arizona one. *See* Complaint, ¶1 & Caption. Needless to say, California law has nothing to say about this Arizona property.

## II.     Factual and Procedural Background

This is not, unfortunately, the undersigned's first rodeo with Plaintiff or her counsel. Indeed, the principal of the Holiday Inn Express was, at the time, the same as the owner of the adjacent Super 8 Hotel when Plaintiff and her counsel were suing just about every hotel in Southern Arizona claiming they did not have ADA mandated "pool lifts" in order to elicit settlements from small businesses. *See* 2:15-cv-01630-HRH (improperly filed as *Brooke v. BostCG, LLC* because Plaintiff's counsel initially sued the wrong property owner). Indeed, the unsigned represented a host of parties against Plaintiff and her counsel. Apparently, Plaintiff's new game is to attempt to locate technical parking violations and file thousands of lawsuits to elicit settlements from small Arizona businesses, a practice that Arizona's Attorney General, Mark Brnovich has intervened into cases to stop. *See e.g.* 2:16-cv-01969-PHX-NVW, Doc. 87.

Here, from a factual standpoint, Plaintiff's claim is patently absurd. She claims that she could not stay at the Casa Grande Holiday Inn Express because there is not permissible access for a handicapped person to park, load, or unload at the hotel. But photographic evidence taken off of "Google Earth" shows the reality: there are four reserved "accessible" parking spaces within a few feet of the front door of the hotel with ample space for loading and unloading. Indeed, a view of the eastern side of the hotel shows two reserved accessible spots with a loading zone directly to the east of the front door as follows:



And the mirror image is true as to the west of the front door which again shows two accessible reserved parking spaces directly adjacent to the front entrance of the hotel, as follows:



Simply put, there are four reserved and accessible spots that happen to be the four closest to the front door. And these requirements met all applicable county and city building codes when this hotel was built as a fully accessible. Indeed, far from being the victim of predatory lawsuits, Defendant here should be lauded for the accessibility provided by this hotel. And this is because Plaintiff's and her counsel's lawsuit is not really about ensuring "access" but rather, as Arizona's Attorney General put it, about the "practice of charging an illusory, unreasonable fee to his client solely for the purpose of extracting more money from defendants." *See e.g.* 2:16-cv-01969-PHX-NVW, Doc. 87 at 2:21-23.

With this background in hand, we move the legal merits of the dismissal of this action.

### III. Legal Argument

Plaintiff's Complaint sues Defendant's hotel under California law. *See* Complaint, ¶1. More precisely, Plaintiff sues under "the California Unruh Civil Rights Act, California Civil Code § 51, 52, and the California Disabled Persons Act." But this hotel property is undisputedly located in Arizona. *See* Complaint ¶2. The Unruh Civil Rights Act, however, by its own definition, applies solely to "persons within the jurisdiction of this state" – which is to say the State of California – and has no applicability to these parties or property in Arizona. As such, the Complaint fails to state a claim upon which relief may be granted and must be dismissed.

It would seem likely that Plaintiff cites California law as being applicable to this Arizona case because her attorney merely cut and paste from what was undoubtedly some kind of shakedown in our sister state of another unfortunate small business defendant. Indeed, in the caption for this matter, Plaintiff's attorney cites his State Bar No. as "242728" – which is a couple hundred thousand numbers too high to be a State Bar

4

Number in Arizona. Indeed, this would seem to be because it is not an Arizona bar number, but instead counsel's California bar number. *See* http://members.calbar.ca.gov/courtDocs/17-J-00133.pdf

Our Local Rules require that attorneys accurately state their "name, address, e-mail address, State Bar Attorney number, telephone number" which "must be stated on the first page of every document" filed with the Court. *See* Local Rule 7.1(A)(1). As Plaintiff's Complaint fails to meet this mandatory requirement, it may be stricken or the matter dismissed.

### IV. Conclusion.

Plaintiff's Complaint should be dismissed and Defendant awarded its reasonable attorney's fees and costs for being required to respond to this matter.

RESPECTFULLY SUBMITTED this 25th day of January, 2019.

> WATERFALL, ECONOMIDIS, CALDWELL,
> HANSHAW & VILLAMANA, P.C.
>
> By: /s/ Corey B. Larson
> Corey B. Larson
> *Attorneys for Defendant*

Original electronically filed this 25th day of
January, 2019, to; and COPY e-mailed and mailed
this 25th day of January, 2019, to:

Peter Kristofer Strojnik
The Strojnik Firm, LLC
2415 East Camelback Road, Ste. 700
Phoenix, AZ 85016
pstrojnik@strojniklaw.com
*Attorneys for Plaintiff*

By: */s/ Marilene Southard*
Marilene Southard